BARRY E. HINKLE, Bar No. 071223
PATRICIA A. DAVIS, Bar No. 179074
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone (510) 337-1001
Facsimile (510) 337-1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA; NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS for itself and on behalf of LABORERS' LOCAL 139,<br><br>Plaintiffs,<br><br>v.<br><br>CAL-KIRK LANDSCAPING, INC., A California Corporation,<br><br>Defendant. | No. CV 08 3292 EMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD |

This Memorandum is filed in support of Plaintiffs' Petition to Confirm Arbitration Award. This action involves a dispute which arose under a written collective bargaining agreement (herein after referred to as "CBA" or "Agreement"). The CBA sets forth a method for resolving disputes over the interpretation and/or application of the Agreement. Under the term of the CBA, said

disputes are submitted to an impartial Board of Adjustment or an Arbitrator and the decisions of the Board of Adjustment or the Arbitrator are final and binding upon the parties. By way of the present Petition, Plaintiffs seek to compel the Defendant to comply with the Decision and Award of Arbitrator Gerald McKay (hereinafter the "Award"), issued pursuant to the terms of the CBA. Furthermore, Plaintiffs seek an Order of this Court confirming said Award, and making it a judgment of this Court.

## I. THE PARTIES AGREED THAT THE QUESTION WOULD BE RESOLVED BY AN ARBITRATOR

By virtue of the terms and conditions of the CBA, the parties agreed that an arbitrator's decision would be final and binding on all parties. Under such circumstances, and having voluntarily submitted the dispute to arbitration by naming an arbitrator, the employer cannot now contest the decision of Arbitrator Gerald McKay. In Ficek v. Southern Pacific Co., 338 F.2d 655 (9th Cir. 1964) cert. denied, 380 U.S. 988 (1965), the Ninth Circuit stated:

> A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator's act.

Ficek, 338 F.2d at 657. Having agreed to submit this dispute to arbitration, the employer cannot now argue that it was not arbitrable. See also International Brotherhood of Teamsters v. Washington Employers, Inc., 557 F.2d 1345, 1349-50 (9th Cir. 1977); International Association of Machinists and Aerospace Workers, Dist. 776 v. Texas Steel Co., 538 F.2d 1116, 1120 (5th Cir. 1976).

## II. THE ARBITRATOR'S DECISION MEETS THE APPLICABLE TESTS FOR VALIDITY

The Ninth Circuit has defined the district courts' power with respect to the review of arbitration awards as follows:

> Judicial Review of arbitration awards is limited. An award is legitimate so long as it "draws its essence" from the collective bargaining agreement and does not "manifest an infidelity" to the agreement. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597-99, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). "[I]f, on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

judicial inquiry ceases and the award must be affirmed." <u>Holly Sugar Corporation v. Distillery Union</u>, 412 F.2d 899, 903 (9th Cir. 1969).

<u>Riverboat Casino, Inc. v. Local Joint Executive Board of Las Vegas</u>, 578 F 2d 250, 251 (9th Cir. 1978).

In this case, this Court could overturn the award in question only if it found the reasoning "so palpably faulty no judge, or group of judges could ever conceivably have made such a ruling." <u>Safeway Stores v. Bakery Workers Local 111</u>, 390 F.2d 79, 82 (5th Cir. 1968). The award herein clearly meets the test of being a viable, valid award. The Court is "not empowered to review the merits of an arbitration award which draws its essence from a collective bargaining agreement." <u>Painters Local Union No 171 v. Williams & Kelly, Inc.</u>, 605 F.2d 535, 538 (10th Cir. 1979).

The United States Supreme Court has clearly spoken on the role of the courts in enforcing awards of arbitrators involving the interpretation of collective bargaining agreements in relationships between labor and management. The Court sustains the notion that voluntary arbitration agreements should not be lightly treated by the courts or other institutions dealing with labor-management relations and such awards be given the highest weight. Thus, the Court stated in <u>United Steelworkers v. Enterprise Wheel & Car Corp.</u>, 363 U.S. 593, 597 (1960):

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of the problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsman may never have thought of what specific remedy should be awarded to meet a particular contingency. Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

The tests set forth in <u>Enterprise</u> must be applied hereto and a judgment confirming the award be granted. In <u>Ludwig Honold Mfg. Co. v. Fletcher</u>, 405 F.2d 1123, 1128 (3rd Cir. 1969), the Third Circuit clearly stated that the award must be upheld "if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

any other indicia of the parties' intention...". See also United Steelworkers v. Warrior & Gulf, 363 U.S. 574, 582 (1960); Operating Engineers Local 150 v. Flair Builders, Inc., 406 U.S. 476 (1972); Northern California District Council of Hod Carriers v. Pennsylvania Pipeline, Inc., 103 Cal. App. 3d 163, 170 (1980).

It has further been uniformly held that where the contract is not explicit concerning the proper remedy, the arbitrator, or a Board of Adjustment, is given wide latitude in fashioning an appropriate one. Mogge v. District 8, International Association of Machinists, 454 F.2d 510, 514 (7th Cir. 1971). The Ninth Circuit states the rule thus: "[I]f on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases and the award must be affirmed." Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers International Union, 412 F.2d 899, 903 (9th Cir. 1969)

### III. PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES IN THESE PROCEEDINGS

Plaintiffs have been required to secure the services of counsel for the prosecution and enforcement of the Award. Because Cal-Kirk Landscaping, Inc.'s refusal to comply with the arbitration award is unjustified and in bad faith, Plaintiffs seek attorneys' fees and costs incurred in obtaining compliance with the award.

The Supreme Court has held that attorneys' fees can be awarded "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975). In 1983, the Ninth Circuit Court of Appeals applied that rule in a case where, as here, an employer refused to abide by the award of an arbitrator. In International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc., 707 F.2d 425 (9th Cir. 1983), the court held that:

> "[B]ad faith may be demonstrated by showing that a defendant's obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." Huecker v. Milburn, 538 F.2d 1241, 1245 n.9 (6th Cir. 1976) The award of attorneys' fees in the latter context satisfies a dual purpose -- deterrence and compensation. The threat of an award of attorneys' fees tends to deter frivolous dilatory tactics. The award also compensates a plaintiff "for the added expense of having to vindicate clearly established rights in court." Id.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

Western Industrial, 707 F.2d at 428.

The Ninth Circuit has also held that "an unjustified refusal to abide by an arbitrator's award may equate [with] an act taken in bad faith, vexatiously or for oppressive reasons." Id. at 428. The court ruled that the employer did not present justifiable grounds for the invalidity of the arbitration award, rejecting the contention that one of the issues was not arbitrable.

Unjustified refusal to abide by an arbitrator's award can be, in and of itself, an act taken in bad faith, vexatiously or for oppressive reasons. Sheetmetal Workers' International Association, Local Union No. 359 v. Madison Industries, Inc. of Arizona, 84 F.3d 1186, 1191 (9th Cir. 1996) (noting that employer failed to file a petition to vacate the award and requested a vacation only in response to the Union's petition to confirm it).

Arbitration is a fundamental foundation for stable national labor relations policy, and advances the effective resolution of disputes and the furthering of industrial stabilization. Therefore, "the deterrence aspect of an award of attorneys' fees is particularly served where a party, without justification, refuses to abide by an arbitration award." Western Industrial, 707 F.2d at 428.

The District Court has the power to award attorneys' fees and expenses to the prevailing party in a suit to enforce an arbitration award if the losing party acted in bad faith. There must be an unjustified refusal to abide by the arbitrator's decision, and the objections to an award must be frivolous. The failure of the party opposing a decision to take timely action to challenge it on valid grounds, thus forcing the other party to undertake the time consuming and burdensome expense of an enforcement action, are factors in determining bad faith. See, Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d 273, 282 (1st Cir. 1983) (endorsing attorneys' fees award "when a party 'without justification' contests an enforceable award") United Steelworkers of America v. United States Gypsum Co., 492 F.2d 713, 724 (5th Cir.) cert. denied, 419 U.S. 998 (1974). ("The district court has the authority to award attorneys' fees where it determines that a party has without justification refused to abide by an award of an arbitrator."). Actors Equity v. American Dinner Theater, 802 F.2d 1038 (8th Cir. 1986); Local 34 Asbestos Workers v. General

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

Pipe Covering, 792 F.2d 96 (8th Cir. 1986); <u>United Automobile Workers v. United Farm Tools, Inc.</u>, 762 F.2d 76, 77 (8th Cir. 1985).

In the present case, the parties to a collective bargaining agreement included in their agreement an inexpensive and efficient dispute resolution mechanism: the grievance arbitration procedure. This is one of the most important provisions of a collective bargaining agreement entered into between an employer and a Union on behalf of its members. In most cases, employees give up the right to strike during the term of a contract in return for the employer's promise to submit all "grievances" to a neutral arbitrator for final and binding decision. Moreover, both parties benefit from the existence of this mechanism designed to provide an inexpensive and efficient resolution of disputes. By refusing to comply with a final and binding arbitration award, Defendant has subverted a fundamental provision of the agreement.

Furthermore, the Defendant has provided no reason why it refused to implement the award. Because it has caused unnecessary expense and delay, and has failed to set forth any meritorious arguments to justify its conduct, the Court should issue an order confirming the arbitration award and awarding Plaintiffs their reasonable attorneys' fees as provided by law.

### IV.  CONCLUSION

For the reasons stated above, it is respectively submitted that the Decision of Arbitrator Gerald McKay should be confirmed in all respects, made a Judgment of this Court, and the Court should award Plaintiffs their attorneys fees and costs.

Dated: July 8, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
KRISTINA M. ZINNEN
Attorneys for Plaintiffs

115853/496752

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD