United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, *et al.*, | No. C-08-3292 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING SEYFARTH SHAW LLP'S MOTION TO WITHDRAW AS COUNSEL; AND GRANTING PLAINTIFFS' MOTION TO STRIKE** |
| CAL-KIRK LANDSCAPING, INC., | |
| Defendant. | (Docket No. 61) |
| _____/ | |

    Seyfarth Shaw LLP[1] has moved to withdraw as defense counsel. Having considered the parties' briefs as well as their accompanying submissions and the oral argument of counsel, the Court hereby **GRANTS** the motion to withdraw. Seyfarth Shaw has adequately demonstrated that there is good cause for the withdrawal, not only because Defendant has failed to pay its legal fees but also because Defendant has failed to meaningfully communicate with counsel. The withdrawal is effective as December 2, 2011, which is the date that the hearing was held on and the Court orally granted Seyfarth Shaw's motion.

    Because the Court is granting the motion to withdraw, Defendant is now without an attorney to represent it. Under Civil Local Rule 3-9(b), "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ.

---

[1] The Court uses "Seyfarth Shawl LLP" to refer to the law firm as well as the attorneys of that law firm, including the attorneys of record G. Daniel Newland and Ari Hersher.

L.R. 3-9(b). Thus, the Court hereby gives Defendant sixty (60) days from the date of this order to find counsel to represent it *and* to have counsel make an appearance in this case.

**Defendant is forewarned that, if it does not find counsel to represent it and make an appearance in this case, then the Court shall, upon Plaintiffs' request, enter a default against Defendant. Plaintiffs may then seek a default judgment against Defendant.** *See Employee Painters' Trust Fund v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (stating that a default is "a permissible sanction for failure to comply with local rules requiring representation by counsel").

Finally, Plaintiff has moved to strike statements regarding settlement discussions, which defense counsel does not oppose. Accordingly, Plaintiffs' motion to strike is **GRANTED**.

Seyfarth Shaw, although relieved of its obligation to represent Defendant, is ordered to **immediately** serve a copy of this order on Defendant *and* to orally inform Defendant of the contents of this order (by telephone is permissible). Seyfarth Shaw shall submit a declaration within three days of the date of this order confirming service of process and the oral communication.

This order disposes of Docket No. 61.

IT IS SO ORDERED.

Dated: December 15, 2011

_____
EDWARD M. CHEN
United States District Judge

2